UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMANI SALEH SHUOOB KASHEH, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> ANTONY J. BLINKEN, in his official capacity, ) <br> Secretary, U.S. Department of State, ) <br> ) <br> Defendant. ) <br> ) | Case No. 23-cv-3532 (APM) |

**MEMORANDUM OPINION**

**I.**

Plaintiff Amani Saleh Shuoob Kasheh seeks to compel Defendant Antony J. Blinken to process her diversity visa application. Plaintiff claims that Defendant's failure to provide a reason for denying her application constitutes an unlawfully withheld and unreasonably delayed agency action and was arbitrary and capricious in violation of the Administrative Procedure Act ("APA"). 5 U.S.C. § 706(1), (2)(a).[1] Defendant moves to dismiss the case for, among other reasons, lack of subject matter jurisdiction. Defendant's motion is granted on that basis.[2]

**II.**

Plaintiff, a citizen of Yemen, was a selectee to apply for a diversity visa for the fiscal year ending September 30, 2023. Compl., ECF No. 1, ¶¶ 7–8 [hereinafter Compl.]. On May 16, 2023, Plaintiff appeared before a consular officer for an interview. Def.'s Mot. to Dismiss & Mem. in

---

[1] Although Plaintiff's complaint states that she brings a federal mandamus action, Compl., ECF No. 1, ¶¶ 2–3, the only "claim" asserted in the complaint is one under the APA.
[2] Defendant makes two additional threshold arguments for dismissal: (1) the impropriety of naming the Secretary of State as a defendant, Def.'s Mot. to Dismiss & Mem. in Supp., ECF No. 5, at 13–14, and (2) the doctrine of consular nonreviewability bars review. The court does reach either argument in light of its conclusion that Plaintiff lacks standing.

Supp., ECF No. 5 [hereinafter Def.'s Mot.] at 3. The officer denied Plaintiff's application at the conclusion of the interview, and Plaintiff alleges that the consular officer provided a result sheet but failed to mark a reason for the denial. Compl. ¶ 10. Plaintiff asserts that she sustained injuries due to Defendant's "failure to offer a 'facially legitimate and bona fide reason' for denying the visa application." *Id.* at ¶ 13.

On November 20, 2023, Plaintiff filed this action, seeking an order compelling Defendant to process her application within 30 days. *Id.* at 5. On February 26, 2024, Defendant moved to dismiss under Federal Rules of Civil Procedure 12(b)(1) and (b)(6). *See generally* Def.s' Mot.

### III.

A plaintiff must establish that they have standing for a federal court to have jurisdiction over a matter. *See Renal Physicians Ass'n v. U.S. Dep't of Health and Hum. Servs.*, 489 F.3d 1267, 1273, 1276 (D.C. Cir. 2007). At the pleadings stage, a plaintiff "must state a plausible claim that [they have] suffered an injury in fact fairly traceable to the actions of the defendant that is likely to be redressed by a favorable decision on the merits." *Humane Soc'y of the U.S. v. Vilsack*, 797 F.3d 4, 8 (D.C. Cir. 2015). The facts alleged must be sufficient to demonstrate that the court's granting of the relief sought likely will rectify the plaintiff's injury. *See Renal Physicians*, 489 F.3d at 1275.

Defendant contends that Plaintiff lacks standing because she fails to establish injury. Defs.' Mot. at 5–10. The court need not address the question of injury, as it finds that Plaintiff's claim is not redressable.

The State Department grants 55,000 diversity visas each fiscal year to individuals from countries underrepresented in the immigration process. *See* 8 U.S.C. §§ 1151(e), 1153(c)(1). Foreign nationals selected in the diversity visa lottery "shall remain eligible to receive such visa

only through the end of the specific fiscal year for which they were selected." 8 U.S.C. § 1154(a)(1)(I)(II); *see also* 22 C.F.R § 42.33(a)(1); 31 U.S.C. § 1102. Once the allocated statutory cap has been met, even if prior to the end of the fiscal year, lottery selectees are no longer eligible to receive a visa. *See* 8 U.S.C. §§ 1151 (e), 1153(c)(1)(A).

Plaintiff was a DV selectee for the fiscal year of 2023, which ended on September 30, 2023. Plaintiff is no longer eligible for the diversity visa that she seeks, so the court "can no longer afford her any meaningful relief." *Goodluck v. Biden*, 104 F.4th 920, 927 (D.C. Cir. 2024); *see also Mwasaru v. Napolitano*, 619 F.3d 545, 549 (6th Cir. 2010) ("We agree with the government that the defendants are without authority to issue a DV–2007 visa after midnight on September 30, 2007, and thus could not grant her such a visa even if her petition for mandamus were successful."). For that reason, Plaintiff lacks standing to bring her claims.

**IV.**

Defendants' Motion to Dismiss, ECF No. 5, is granted. A final, appealable order accompanies this Memorandum Opinion.

Dated: September 30, 2024

Amit P. Mehta
United States District Court Judge

3